WOODRUFF HOLDING CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10930. Promulgated January 9, 1928.

*Richard E. Dwight, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

1110

OPINION.

LANSDON: Section 240(b) of the Revenue Act of 1918 provides in part that two or more domestic corporations shall be deemed to be affiliated if substantially all the stock is owned or controlled by the same interests. Petitioner contends that ownership by J. B. Taylor and wife of all the stock of the Woodruff Hotel Co. and 51.61 per cent of the common stock of petitioner meets the requirement of " substantially all " laid down by the Revenue Act, and that the two corporations constitute a single business unit.

In *Canyon Lumber Co.*, 1 B. T. A. 473, the Board held:

The control, however, referred to in the statute, whether it be legal or otherwise, means control of the voting rights of stock.

The evidence does not indicate that J. B. Taylor controlled the voting rights of any of the stock held by the minority interests,

representing 48.39 per cent of the total voting stock. The fact that the minority stockholders left the management of the business to him does not establish control of the stock within the meaning of the statute. *Isse Koch & Co.*, 1 B. T. A. 624. There is no doubt that these two corporations were closely related in a business under the management of J. B. Taylor, but the percentage of stock owned by J. B. Taylor in the petitioner is not sufficient to meet the requirement of " substantially all " laid down by the Revenue Act. *Adaskin-Tilley Furniture Co.*, 6 B. T. A. 316; *Parker Sheet Metal Works, Inc.*, 3 B. T. A. 607; *Rishell Phonograph Co.*, 2 B. T. A. 229; *United Metal Spinning Co.*, 2 B. T. A. 520; *Tunnel Railroad of St. Louis*, 4 B. T. A. 596; *Wadhams & Co.*, 2 B. T. A. 569; *Ullman Manufacturing Co.*, 2 B. T. A. 1294.

*Judgment will be entered for the respondent.*

Considered by STERNHAGEN, GREEN, and ARUNDELL.